**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,

Plaintiff,

v.

SALESFORCE.COM, INC.

Defendant.

Civil Action No.: 6:20-cv-1168-ADA

**JURY TRIAL DEMANDED**

**REPLY IN SUPPORT OF DEFENDANT SALESFORCE'S**
**RULE 12(b)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I. WSOU HAS FAILED TO PLEAD THE REQUIRED PRE-SUIT KNOWLEDGE FOR INDIRECT INFRINGEMENT ..... 1

II. WSOU DOES NOT POINT TO ANY CONCRETE ALLEGATIONS OF SPECIFIC INTENT FOR INDUCED INFRINGEMENT ..... 5

III. WSOU DOES NOT POINT TO ANY CONCRETE ALLEGATIONS OF LACK OF SUBSTANTIAL NON-INFRINGING USES FOR CONTRIBUTORY INFRINGEMENT ..... 9

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014) ... 6

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ... 3, 6

*Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ... 2

*Artrip v. Ball Corp.*, 735 F. App'x 708 (Fed. Cir. 2018) ... 9

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335 (Fed. Cir. 2012) ... 2

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260 (M.D. Fla. 2012) ... 3

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-cv-546, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) ... 8

*Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ... 1, 4

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 5000397 (E.D. Tex. June 3, 2015) ... 7, 10

*Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ... 7

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ... 9

*Maxell Ltd. v. Apple, Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ... 7

*Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819 (E.D. Tex. 2019) ... 8, 10

*Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) ... 2, 7, 8

*Nomadix, Inc. v. Hosp. Core Servs. LLC*, No. CV 14-08256 DDP VBKX, 2015 WL 1525537 (C.D. Cal. Apr. 3, 2015) ... 8

*Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ... 1

*Parus Holdings Inc. v. Apple Inc.*,
No. 6:19-cv-432, Dkt. 54 (W.D. Tex. Feb. 20, 2020)........................................................ 1

*Promotional Techs., LLC v. Facebook, Inc.*,
No. 3:11-CV-3488-P, 2012 WL 13026789 (N.D. Tex. Sept. 27, 2012)............................ 6

*Proxyconn Inc. v. Microsoft Corp.*,
SACV 11–1681 DOC ANX, 2012 WL 1835680 (C.D.Cal. May 16, 2012) .................. 3, 4

*Script Security Solutions LLC v. Amazon.com, Inc.*,
170 F. Supp. 3d 928 (E.D. Tex. 2016)................................................................................... 8

*Stragent, LLC v. BMW of N. Am., LLC*,
No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) .................... 7

*Synopsys, Inc. v. ATopTech, Inc.*,
No. C 13-CV-02965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013)........................... 9

*SynQor, Inc. v. Artesyn Techs., Inc.*,
709 F.3d 1365 (Fed. Cir. 2013)............................................................................................ 2

*Telecomm Innovations, LLC v. Ricoh Co., Ltd.*,
966 F. Supp. 2d 390 (D. Del. 2013)..................................................................................... 9

*U.S. Water Servs., Inc. v. Novozymes A/S*,
25 F. Supp. 3d 1088 (W.D. Wis. 2014) ............................................................................... 9

*VLSI Tech. LLC v. Intel Corp.*,
CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).......................................... 2

*VLSI Tech., LLC v. Intel Corp.*,
No. 6:19-cv-000254, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019)...................... 4

*WSOU Invs., LLC v. Dell Techs., Inc.*,
No. 6:20-cv-478, Dkt. 73 (W.D. Tex. Dec. 22, 2020) .................................................. 1, 2

*WSOU Invs., LLC v. Xilinx, Inc.*,
No. CV 20-1228-CFC/JLH, 2021 WL 2328014 (D. Del. June 8, 2021)........................... 3

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
No. CV 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) ..................... 3, 4

**Rules**

Fed. R. Civ. P. 11(b)(3)........................................................................................................ 4

WSOU's indirect infringement claims should be dismissed because WSOU ignores the Court's clear precedent requiring pre-suit knowledge and provides only threadbare allegations for induced and contributory infringement. In accordance with this Court's standard practice, including prior rulings against WSOU in nearly identical circumstances, Salesforce's motion to dismiss should be granted.

## I. WSOU HAS FAILED TO PLEAD THE REQUIRED PRE-SUIT KNOWLEDGE FOR INDIRECT INFRINGEMENT

WSOU does not contest that it failed to plead pre-suit knowledge. Instead, WSOU argues that it "need not allege pre-suit knowledge to support an indirect infringement claim," relying on inapposite, non-precedential authority from other districts. *Id.* at 1. On the contrary, this Court has ***routinely*** held that allegations of indirect infringement require pre-suit knowledge. *See, e.g., Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Dkt. 54 (W.D. Tex. Feb. 20, 2020); *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019); *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020).

In light of clear precedent, the onus is on WSOU to explain why the Court should deviate from its standard practice. *WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 73 at 76:1-11 (W.D. Tex. Dec. 22, 2020) ("[T]he onus is probably on plaintiff to explain to me why I would not stick with my normal practice as I've outlined.") WSOU has not done so. Instead, WSOU refuses to comply with typical practice even though it agreed to exactly this procedure less than a year ago in another case before this Court. *See WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 73 at 73:22-76:13 (stating "I think we would be fine with your normal practice") (W.D. Tex. Dec. 21, 2020). WSOU's case law discussion for other districts (*see* Opp. at 2-3) is

irrelevant. Regardless of what other district judges have decided,[1] the rulings of this Court are clear: pre-suit knowledge is required for indirect infringement.

WSOU's reliance on *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) for the proposition that a party may seek to pursue claims that accrue during the pendency of a lawsuit is misplaced. ***First,*** this Court has already rejected precisely this same argument made earlier by WSOU. *See WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 55 at 3, 5-6, 8 (arguing in opposition to motion to dismiss that a pre-suit knowledge requirement is at odds with *Aspex Eyewear*), Dkt. 73 at 76:14-77:7 (granting motion to dismiss indirect infringement allegations). WSOU gives no justification for its disregard for the precedent of this Court. ***Second***, *Aspex Eyewear* addressed the scope of res judicata, holding that it "will not be applied to" claims that accrue during the pendency of a lawsuit, "if the party elects not to have them included." 672 F.3d at 1345. This has nothing to do with the question of whether the filing of a complaint can create a cause of action. ***Third,*** other Federal Circuit decisions suggest that allegations of pre-suit knowledge are, in fact, required in order to allege an indirect infringement claim. *See, e.g.*, *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013) (concluding that the "jury's finding of liability for contributory infringement demonstrate[d] the jury found each Defendant had actual knowledge of the '190 Patent ***prior to suit***") (emphasis

[1] WSOU spends a solid portion of its opposition discussing Delaware and other case law. This entire discussion is irrelevant. First, it does not address the law of this District. Second, contrary to WSOU's argument, Salesforce does not rely on *VLSI Tech. LLC v. Intel Corp.*, CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) nor on *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011). Opp. at 2-3. WSOU's citation to allegations in the "amended complaint" also make no sense, since no amended complaint has been filed in this case, and the language it quotes is not found in its original Complaint. Opp. at 2 n.2. Finally, WSOU's own case, *Nalco Co. v. Chem-Mod, LLC*, (Opp. at 3 n.3) itself suggests that allegations of pre-suit knowledge are required for indirect infringement. *See* 883 F.3d 1337, 1357 (Fed. Cir. 2018) (holding the knowledge requirement for contributory infringement was satisfied where plaintiff "pled facts to show Defendants' knowledge, ***prior to filing of the suit***, of the '692 patent.") (emphasis added).

added). Thus, this Court's precedent is fully consistent with Federal Circuit precedent and with the knowledge requirement itself.[2]

None of WSOU's six arguments against the rule that a complaint cannot give rise to an indirect infringement cause of actions are persuasive:

First, WSOU concedes that the indirect infringement allegations in its original Complaint in this action should be dismissed. Opp. at 3 ("[E]ven if *VLSI* rule is correct as applied to original complaints…"). This should have been the end of WSOU's Opposition.

Second, there is no amended complaint in this case. WSOU cannot base a claim on speculation that, in the future, Salesforce will indirectly infringe "after receiving the complaint that creates the claim." Opp. at 3. *See, e.g., Affinity Labs of Texas, LLC v. Toyota Motor N. Am.,* No. W:13-CV-365, 2014 WL 2892285, at *5 (W.D. Tex. May 12, 2014) ("[A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent.") (citing *Proxyconn Inc. v. Microsoft Corp.*, SACV 11–1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012)); *WSOU Invs., LLC v. Xilinx, Inc.*, No. CV 20-1228-CFC/JLH, 2021 WL 2328014, at *1 (D. Del. June 8, 2021) ("WSOU has not persuaded me that [the Court] should reject … the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior

[2] Other courts that have considered Federal Circuit precedent on this issue have likewise concluded that the Federal Circuit has never deemed it permissible to base indirect infringement allegations on post-suit knowledge. *See Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("[B]ecause notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement."); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. CV 19-1687-CFC-CJB, 2021 WL 1134687, at *3 (D. Del. Mar. 24, 2021) (stating that "[n]either the Federal Circuit nor the Supreme Court has addressed the issue" of "whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit").

version of the complaint filed in the same lawsuit.") (citations omitted).

Third, neither the practice of this Court nor other legal authority support WSOU's arguments regarding judicial efficiency. The standard practice of this Court is that if, after discovery, a plaintiff decides to amend its complaint to include allegations of indirect infringement, "it will be free do so[] ***subject to the provisions of Rule 11***." *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-000254, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) (emphasis added); *see also Castlemorton*, 2020 WL 6578418, at *5 (permitting plaintiff "to amend its complaint after the start of fact discovery to include pre-suit indirect infringement if it is able to elicit sufficient facts to support such an allegation"). Under Rule 11, any amended complaint would include the certification that the factual contentions contained therein "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Salesforce seeks to follow this standard practice, and WSOU does not explain why this Court should deviate from it. Moreover, contrary to WSOU's arguments about judicial efficiency, "[t]he limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems [] neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement." *ZapFraud*, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021); *see also Proxyconn*, 2012 WL 1835680, at *5 ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement.").

Fourth, Salesforce does not argue that "a defendant who first learns of its misconduct

through a filed complaint is *forever* immune from any liability for post-filing indirect infringement," (Opp. at 4) (emphasis in original). Instead, Salesforce's position is that WSOU "fails to allege any facts for the Court to reasonably infer that Salesforce had pre-suit knowledge." Mot. at 2-3. WSOU admits as much in its Opposition. Opp. at 1. Therefore, this Court should follow its standard practice and dismiss these claims.

Fifth, this rule is not contrary to Federal Circuit precedent, as explained above. Requiring sufficient pleadings of pre-suit knowledge is not in any tension with the *Aspex* holding that a patentee may pursue claims for infringement that continues beyond the case filing or that res judicata will not apply to these claims.

Finally, neither Salesforce nor this Court has confused willful and indirect infringement, and WSOU fails to cite any evidence to the contrary, as evidenced by its lack of citations to Salesforce briefing or this Court's decisions.

## II. WSOU DOES NOT POINT TO ANY CONCRETE ALLEGATIONS OF SPECIFIC INTENT FOR INDUCED INFRINGEMENT

WSOU attempts to salvage its induced infringement allegations by exaggerating the allegations actually set forth in its Complaint. According to WSOU, the Complaint alleged that "Salesforce's customers directly infringe the patent by using the Accused Product in accordance with Salesforce's instructions," "that Salesforce provides customers instructions on how to infringe the patent with its user manuals and advertising," and by "identifying the accused functionalities [] and the screenshots of advertisements and instructions on Salesforce's website." Opp. at 6-7. In truth, however, WSOU pled only that "Salesforce has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '892Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including

providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products." Compl. ¶ 19.

This comparison is revealing. For instance, WSOU cites Salesforce's advertising for the general proposition that "Salesforce Service Cloud is a customer relationship management (CRM) platform for customer service and support for sales professionals. Service Cloud provides various services such as customer service, self-service, digital channels, and field service." Compl. ¶ 5. This paragraph lacks any instruction on how the Salesforce Service Cloud infringes the '892 patent – that is, WSOU made no "allegations of the Defendants' specific intent to induce or active steps to encourage another's infringement." *Promotional Techs., LLC v. Facebook, Inc.*, No. 3:11-CV-3488-P, 2012 WL 13026789, at *5 (N.D. Tex. Sept. 27, 2012). In fact, WSOU's induced infringement allegations are strikingly similar to the dismissed allegations in *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, where Plaintiffs alleged that "Toyota and/or its distributors or representatives have sold or otherwise provided Toyota automobiles with sound systems—including at least, for example, the Toyota Tundra—to third parties, such as Toyota's customers." No. W:13-CV-365, Dkt. 1, ¶¶ 36, 47 (Nov. 21, 2013); *see also id.* 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) (dismissing these claims).[3] WSOU's induced infringement allegations here should be dismissed as well. *See also Affinity Labs of Texas, LLC v. Blackberry Ltd.*, No. W:13-CV-362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (dismissing induced infringement allegations where "Plaintiff does not specify how the marketing and selling activities of [Defendant] actually induced third-parties to infringe the [asserted patent].").

WSOU's cited cases are distinguishable. In *Maxell Ltd. v. Apple, Inc.*, the Court explicitly stated that "reference to instructions without allegations of which functionalities are at issue or facts identifying how those instructions direct customers to use the products in an infringing

[3] WSOU fails to distinguish either one of these cases in its Opposition.

manner is insufficient" and that "generic statements regarding the provisions of instructions are insufficient." No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *4 (E.D. Tex. Oct. 23, 2019), *citing Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697, at *9-10 (E.D. Tex. Mar. 3, 2017). WSOU's allegations of induced infringement are the type "general statements" which the court in *Maxell* indicated were insufficient, instead of specific allegations of "directions for customers to use the accused functionalities" which the *Maxwell* court upheld. *Id.* (citing the Complaint's "screenshot of Apple's website describing how users can use the [accused] app on an iPhone, iPad, iPod touch or Apple Watch"). Like the dismissed claims in *Stragent*, WSOU "fails to allege how the instructions direct customers to use those products in an infringing manner." 2017 WL 2821697, at *9 (E.D. Tex. Mar. 3, 2017), (citations omitted); *Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, 2013 WL 8482270, at *4 (E.D. Tex. Mar. 6, 2013) (dismissing the plaintiff's indirect infringement claim under Rule 12(b)(6) because merely alleging that the defendant supplied infringing systems and provided instructions to its customers did not create a reasonable inference of specific intent to induce direct infringement); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015) (holding that although "[i]n a broad sense, the provision of instructions by an accused infringer may indicate specific intent to induce infringement", "failing to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or *how the instructions direct customers to use those products in an infringing manner*, falls short of satisfying Rule 8's notice requirement") (emphasis added, citations omitted).

In *Nalco Co. v. Chem-Mod, LLC*, also cited by WSOU, the Federal Circuit confirmed that the "complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." 883 F.3d 1337, 1356 (Fed. Cir. 2018). It found this standard met where the plaintiff pled, among

other things, that defendants induced third parties to infringe through forming third-party subsidiaries, providing sub-parts to third parties to make the accused products, building the plants for third parties to make the accused products, using and connecting these plants, providing the third parties with specific types of operational support, providing third parties with legal documents including specific licenses and contracts, providing third parties with instructions and technical assistance, product specification, design and operation of machinery, obtaining capital investments to support the third parties, helping them with regulatory approval, product formulas, and testing. *Id.*, *see also* Case No. 1:14-cv-2510, Dkt. 108, ¶ 57 (N.D. Ill. Nov. 16, 2015); *see also id.* ¶¶ 56, 24-25, 42-44. 49-51, 53-54. WSOU's allegations are generic and bare-bones compared to *Nalco*.

WSOU's other cases are likewise inapposite because all involve specific and concrete allegations of either willful blindness or active steps taken to induce infringement. In *Script Security Solutions LLC v. Amazon.com, Inc.*, the plaintiffs alleged intent by pleading "that the defendants arranged to remain willfully blind to Script's patents by adopting a policy of not reviewing the patents of others." 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016); *see also Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-cv-546, 2020 WL 1478356, at *5-6 (E.D. Tex. Mar. 25, 2020) (relying on allegations that defendant took "active steps to encourage and facilitate" particular groups of direct infringers); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 825-26 (E.D. Tex. 2019) (emphasizing allegations that the defendant entered "into contractual relationships with others," and recognizing that the "normal and customary use of the accused products" would infringe (emphasis omitted)); *Nomadix, Inc. v. Hosp. Core Servs. LLC*, No. CV 14-08256 DDP VBKX, 2015 WL 1525537, at *3 (C.D. Cal. Apr. 3, 2015) (finding sufficient allegations of "active steps" such as "provid[ing] instructions to end-users on how to obtain internet access and that Defendant trains hotel employees to assist guests to obtain network access"

along with "allegations that obtaining such internet access requires the infringing use of the patented systems as a whole."); *Telecomm Innovations, LLC v. Ricoh Co., Ltd.*, 966 F. Supp. 2d 390, 395 (D. Del. 2013) (finding sufficient a complaint which "contains factual allegations, not mere legal elements, showing an intent to induce infringement"). Further, at least one of WSOU's cited cases involved pre-suit notice of the patents—which WSOU admits is not at issue here—to support specific intent. *U.S. Water Servs., Inc. v. Novozymes A/S*, 25 F. Supp. 3d 1088, 1094 (W.D. Wis. 2014) (finding sufficient for plaintiffs to "allege that defendants knew of plaintiffs' technology and patents and that they instructed potential customers to buy their product and use it in the same way as plaintiffs' patented methods").

WSOU's conclusory allegations of specific intent fall far short of the allegations in these cases. Because WSOU fails to plausibly plead that Salesforce acted with the specific intent to induce infringement, its induced infringement allegations should be dismissed.

## III. WSOU DOES NOT POINT TO ANY CONCRETE ALLEGATIONS OF LACK OF SUBSTANTIAL NON-INFRINGING USES FOR CONTRIBUTORY INFRINGEMENT

WSOU has failed to "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). WSOU's Complaint does not plausibly suggest that the Accused Products "could not be used 'for purposes *other than* infringement.'" *Artrip v. Ball Corp.,* 735 F. App'x 708, 713 (Fed. Cir. 2018) (quoting *Bill of Lading*, 681 F.3d at 1338). Here, all that WSOU alleges is that "The Accused Products are especially made or adapted for infringing the '892 Patent and have no substantial non-infringing use." Compl. ¶ 20. In *Synopsys, Inc. v. ATopTech, Inc.*, the court dismissed claims of contributory infringement, finding that although "Plaintiff does not have to prove its claims at the pleading stage, Plaintiff has failed to raise the reasonable inference that Defendant's software has no substantial non-infringing uses."

No. C 13-CV-02965 SC, 2013 WL 5770542, at *16 (N.D. Cal. Oct. 24, 2013). The Court should reach the same result here. Likewise, in *Core Wireless Licensing*, the Court dismissed as insufficient contributory infringement allegations that:

> 1) Apple installs, configures, and sells its accused products with distinct and separate hardware and/or software components especially made or adapted to practice the claimed inventions; 2) the hardware and/or software is a material part of the invention; 3) the hardware and/or software is not a staple article or commodity of commerce because it is specifically designed to perform the claimed functionality; and 4) any other use of the hardware and/or software would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental" because "none of these generic allegations provide any factual basis upon which a plausible inference of contributory infringement can be drawn.

2015 WL 5000397, at *5. The Court should reach the same outcome here, where WSOU's allegations are even more threadbare and generic as to pleading substantial non-infringing use.

*Motiva Patents* does not compel a different outcome. The court's finding in that case relied on allegations, absent here, that the accused products had "special features [related to motion sensors] that [were] specifically designed to be used in an infringing way" and could not be used in any other manner. *See* 408 F. Supp. 3d at 835. WSOU's complaint omits any similar allegation of specific design for infringing use and fails to satisfy this threshold for pleading contributory infringement. Thus, for this additional reason, WSOU's claims for contributory infringement should be dismissed.

## IV. CONCLUSION

WSOU's Opposition fails to respond to the deficient pleading of its indirect infringement allegations. Accordingly, these allegations should be dismissed.

Dated: July 19, 2021

*/s/ Scott L. Cole*
Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam Stake
samstake@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, Floor 22,
San Francisco CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Counsel for Defendant salesforce.com, inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 19, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: July 19, 2021

*/s/ Scott L. Cole*
Scott L. Cole